988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Lewis GILES, Defendant-Appellant.
 No. 92-30237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 23, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-91-265-1-REJ; Robert E. Jones, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Lewis Giles appeals his conviction, following a jury trial, for making a false material declaration before a grand jury in violation of 18 U.S.C. § 1623. He was also convicted for aiding the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Giles contends that the district court erred by not sua sponte entering a judgment of acquittal, pursuant to Fed.R.Crim.P. 29(a), because the government failed to prove his perjury was material to the grand jury investigation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Generally, we review the sufficiency of evidence to determine "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992). Where, as here, the defendant fails to make a motion for judgment of acquittal at the close of his case, we "review for only for plain error, so as to prevent a miscarriage of justice." Id.
 
 
 4
 To establish a violation of section 1623(a), the government must prove that the "false testimony was material to the grand jury investigation." United States v. Gordon, 844 F.2d 1397, 1404 (9th Cir.1988) (citing 18 U.S.C. § 1623(a)).
 
 
 5
 [T]he government need not show that the false testimony actually impeded the grand jury investigation or that it related to the primary subject of the investigation. It is sufficient for the government to prove that the testimony was relevant to any issue under consideration by the grand jury. If the falsity of the testimony would have the natural tendency to influence the grand jury's investigation, it is material.
 
 
 6
 United States v. Kelly, 540 F.2d 990, 993 (9th Cir.1976), cert. denied, 429 U.S. 1040 (1977); accord Gordon, 844 F.2d at 1404.
 
 
 7
 The relevant facts are undisputed. On December 28, 1989, Drug Enforcement Administration agents, who were investigating a marijuana-growing operation, searched a farm owned by Jim Russell. Agents discovered marijuana and equipment used in the manufacture of methamphetamine on the farm. On January 5, 1990, Agent Dewey questioned Giles, who worked on the farm, about the marijuana-growing operation. Giles admitted knowing of and assisting with the growing operation.
 
 
 8
 Before the grand jury, which was investigating whether Giles assisted in the manufacture, by cultivation, of marijuana, Giles denied any knowledge of the growing operation.
 
 
 9
 Giles contends that, even if untrue, his statements were not material because the grand jury had already heard testimony regarding the marijuana-growing operation and his confessions from government agents, prior to his testimony. We have previously considered a similar contention and rejected it. See Gordon, 844 F.2d 1404 (conspiracy defendant's false statements before the grand jury, which were relevant to issues under consideration, were "material" for purpose of subsequent perjury prosecution, even though the grand jury already knew truthful answer to the question); see also Kelly, 540 F.2d at 993.
 
 
 10
 Therefore, we hold that the district court did not plainly err by failing to sua sponte enter a Rule 29 motion. See Lai, 944 F.2d at 1440.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3